IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRENNA JOYCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| SMG and ASM GLOBAL, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

The Plaintiff, BRENNA JOYCE, by and through her undersigned counsel, hereby respectfully complains and alleges against Defendants SMG and ASM GLOBAL, as follows:

### I. NATURE OF ACTION, JURISDICTION, AND VENUE

1. This is an action for damages to redress the deprivation of rights secured to Plaintiff by virtue of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (the "FMLA").

2. Jurisdiction is specifically conferred on this Court by the provisions of the FMLA, 29 U.S.C. § 2617.

3. Venue is proper by virtue of 28 U.S.C. § 1391(b).

4. Plaintiff has brought this action within the time permitted by the statute of limitations.

### II. PARTIES

5. Plaintiff Brenna Joyce is a natural person and resident of Evergreen Park, Cook County, Illinois.

6. Defendant SMG was or is a corporation doing business in Illinois. Upon information and belief, SMG is headquartered in Pennsylvania.

7. SMG has been contracted by the Chicago Park District to manage various park district facilities, including but not limited to the Morgan Park Sports Center ("MPSC"), located at 11505 South Western Avenue, Chicago, Illinois.

8. SMG employed Plaintiff from on or about July 2017 through August 2019.

9. Defendant ASM Global is a California-based corporation.

10. ASM Global is the result of a merger between SMG and other entities. Upon information and belief, the merger occurred in 2019.

11. ASM Global has succeeded SMG as the manager of the MPSC.

12. As SMG's corporate successor in interest, ASM Global has assumed SMG's liabilities, and is therefore named as a defendant in this lawsuit.

### III. RELEVANT FACTS

13. SMG hired Plaintiff in or about July 2017 as a part-time fitness director at MPSC.

14. In or about September 2017, SMG promoted Plaintiff to be MPSC's full-time fitness director.

15. At the time Plaintiff was named as MPSC's fitness director, Plaintiff's job duties included teaching at least nine fitness classes per week, and overseeing 18 MPSC staff members.

16. In June 2019, Plaintiff requested medical leave under the FMLA. Plaintiff requested leave due to injuries to her back and hip. SMG granted Plaintiff's request.

17. Plaintiff took 3 weeks of leave under the FMLA. Plaintiff returned to work from leave on or around July 8, 2019.

18. Soon after returning to work, in July 2019, Plaintiff realized that her back and hip injuries were getting worse as a result of the physical strain from her job.

19. As a result, on or around July 10, 2019, Plaintiff met with her direct supervisor, an SMG General Manager, and an SMG Regional Manager. Plaintiff explained to the General Manager and Regional Manager that her injuries were getting in the way of teaching nine classes per week. Plaintiff requested that she be permitted to teach fewer classes, and that she focus the remainder of her time on other job duties. The General Manager and Regional Manager agreed to Plaintiff's suggestion.

20. On or around August 15, 2019, Plaintiff requested an additional 3 days of leave under the FMLA due to her back and hip injuries.

21. On or around August 20, 2019, Plaintiff came to MPSC to teach a class.

22. Plaintiff was told by an MPSC employee that she had been taken off the schedule.

23. Plaintiff spoke with the General Manager on the telephone. The General Manager told Plaintiff not to return to work until she had spoken with Human Resources.

24. At the time Plaintiff was instructed to not go to work, her August 15, 2019 request for leave under FMLA had not been granted.

25. Plaintiff attempted to reach SMG's Human Resources Department via telephone and email for two weeks, but did not receive a response.

26. Plaintiff subsequently learned that someone at MPSC had accessed her Gmail account without her consent and removed her access to the online MPSC work schedule.

27. Plaintiff received anonymous harassing text messages and phone calls telling her to leave SMG, and that her position was being offered to someone else. Plaintiff reported the harassment to both the SMG General Manager and another manager at the MPSC, but she was completely ignored.

28. When Plaintiff finally reached SMG's Human Resources Department, the Human Resources representative informed Plaintiff that her employment was terminated.

29. Plaintiff asked why she was being terminated. SMG's Human Resources representative told Plaintiff that she was being terminated for not going to work for the previous two weeks.

30. The reason that Plaintiff did not attend work for two weeks was because her direct supervisor, SMG's General Manager, specifically told her that she should not attend work until she contacted SMG's Human Resources.

31. Accordingly, the reason given to Plaintiff for her termination was a fabrication.

32. SMG caused Plaintiff further damage by preventing her from receiving unemployment benefits. SMG did this by falsely telling the Illinois Department of Employment Security ("IDES") that Plaintiff was terminated for "misconduct." As a result, IDES determined that Plaintiff was ineligible for unemployment benefits.

### COUNT I: DEFENDANTS' WILFUL AND WANTON INTERFERENCE AND DISCRIMINATION WITH PLAINTIFF'S RIGHTS UNDER THE FMLA, 29 U.S.C. §§ 2615(a)(1) AND 2615(a)(2)

33. Plaintiff restates and realleges all previous paragraphs of this Complaint as if fully set forth herein.

34. Defendant SMG was Plaintiff's employer for over 12 months at the time Plaintiff requested unpaid leave.

35. Upon information and belief, Plaintiff worked for over 1,250 hours in the previous 12 months for SMG both times that she requested FMLA leave.

36. Accordingly, Plaintiff was an "eligible employee" of Defendant SMG, as that term is defined under 29 U.S.C § 2611(2).

37. Upon information and belief, Defendants SMG and ASM Global are each an "employer," as that term is defined under the FMLA, 29 § 2611(4)(A).

38. At all relevant times, Defendant SMG was engaged in commerce, and in an industry affecting commerce.

39. Plaintiff suffered a "serious health condition," as that term is defined under the FMLA, 29 U.S.C § 2611(11).

40. Plaintiff was entitled to FMLA leave both times that she requested unpaid leave.

41. Plaintiff provided Defendant SMG with notice of her intention to take leave.

42. Defendant SMG denied Plaintiff's request for unpaid leave without good cause.

43. Defendant SMG terminated Plaintiff's employment due to her injury, and her requests for leave.

44. Defendant SMG's actions constitute unlawful interference and discrimination under the FMLA, 29 U.S.C. §§ 2615(a)(1) and 2615(a)(2).

45. Defendant SMG's interference and discrimination under the FMLA were in bad faith.

46. Defendant SMG's interference and discrimination under the FMLA was intentional, willful, and wanton.

47. Plaintiff was damaged as a result of Defendant SMG's unlawful actions.

IV. **JURY DEMAND**

48. Plaintiff demands that this case be heard by a jury.

V. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brenna Joyce respectfully requests that this Honorable Court enter judgment in her favor and against Defendants SMG and ASM GLOBAL in an amount to be proven at trial that compensates Plaintiff for her lost wages, benefits, and other recoverable

damages, 29 U.S.C. § 2617(a)(1)(A)(i)(I); pre-judgment interest, 29 U.S.C. § 2617(a)(1)(A)(ii); liquidated damages, 29 U.S.C. § 2617(a)(1)(A)(iii); her reasonable attorneys' fees, expert fees, and costs, 29 U.S.C. § 2617(a)(3); and whatever additional relief this Court deems appropriate and just

August 12, 2022

Respectfully submitted,

BRENNA JOYCE

*/s/ Alexandros Stamatoglou*
Plaintiff's Attorney

Alexandros Stamatoglou
Villalobos & Associates
1620 W. 18th Street
Chicago, Illinois 60608
Ph: (312) 666-9982
astamatoglou@villaloboslaw.com